[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11319
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00064-CR-FTM-34-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDOLPH BUCHANON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Randolph Buchanon appeals his sentence, imposed following a guilty plea, for possession with intent to distribute in May 2007 five grams or more of cocaine base, also known as crack cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). Buchanon asserts the district court incorrectly calculated his base offense level pursuant to U.S.S.G. § 1B1.3 by finding "relevant conduct" between the charged offense and a subsequent drug offense in September 2007. Buchanon contends the two offenses lacked distinctive similarities, temporal proximity, and regularity.

At sentencing the district court found the May and September incidents were sufficiently similar because they involved (1) the same substance, (2) an intent to distribute in part by the amount and lack of any paraphernalia for use, (3) lack of acknowledgment by Buchanon that he uses or ever used crack cocaine, and (4) substances that were both concealed in vehicles. The court found that "five months does not, to the Court, appear to be entirely remote or too remote to consider it as temporally proximate." As for regularity, the court found, "[t]here isn't any indication of regularity" other than two occasions in which law enforcement found cocaine base on Buchanon which "indicates some regularity."

The district court sentenced Buchanon to 75 months imprisonment and five years of supervised release.[1]

This Court reviews "the sentencing court's findings of fact for clear error and review the application of the Sentencing Guidelines to the facts *de novo*." *United States v. Blanc*, 146 F.3d 847, 851 (11th Cir. 1998). We review for clear error "the district court's factual findings regarding whether two [offenses] at issue in this sentencing involved the same course of conduct." *Id.*

Under U.S.S.G. § 1B1.3, the district court must consider all "relevant conduct" when calculating the base offense level. U.S.S.G., § 1B1.3. "Relevant conduct" includes "all acts and omissions . . . that were part of the same course of conduct . . . as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Offenses may "qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, comment. (n.9).

---

[1]The district court also stated it would have imposed the same sentence if the September incident were not relevant conduct:

> I also think I should say that even if the Court were to have concluded that the 2.1 grams of crack cocaine from the September arrest were not relevant conduct, based upon all of the factors in this case, the Court would still be of the view that any sentence less than 75 months would be insufficient. And therefore, I think I would still be at the same place, which is that 75 months is the term of imprisonment that is necessary to comply with the purposes of sentencing in this matter.

The district court evaluates the "similarity, regularity, and temporal proximity" between the two offenses and "must consider whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated events that happen only to be similar in kind." *United States v. Maxwell*, 34 F.3d 1006, 1011 (11th Cir. 1994) (quotation omitted). "Where one of these factors is absent, 'a stronger presence of at least one of the other factors is required.'" *Blanc*, 146 F.3d at 852 (quoting U.S.S.G. § 1B1.3 comment. (n.9)).

"Distinctive similarities" are more than general abstractions of the conduct. For instance, in *Maxwell* we held that a cocaine distribution scheme was not "related conduct" to a dilaudid distribution conviction because they did not involve any of the same parties or drugs. *Maxwell*, 34 F.3d at 1011. The only similarity between the two distribution schemes was that "they both involve[d] drug distribution" in the general sense. *Id.* We held that "to describe [the defendant's] conduct at such a level of generality . . . eviscerate[s] the evaluation of whether uncharged criminal activity is part of the same course of conduct." *Id.* (quotation omitted).

In this case, the district court found that there was no "indication of regularity" or if there was it was minimal. Thus, in order to find relevant conduct

between the two offenses, there must be a stronger showing of either similarity or temporal proximity. The stronger showing is with similarity.

The May 2007 and September 2007 offenses have more distinct similarities than both being involved in "drug distribution." The two offenses both involved cocaine base, an intent to distribute, lack of any drug paraphernalia, and concealment of the substance in vehicles rather than on Buchanon himself. *See Maxwell*, 34 F.3d at 1011. These similarities show more than a generic level of likeness, as required by *Maxwell*. Therefore, the district court did not commit clear error in finding distinctive similarities between the two offenses. And as for temporal proximity, we have never held that a five-month separation between two offenses is too remote in time. Thus the district court did not clearly err in finding temporal proximity between the two offenses.[2]

Based upon the foregoing and our review of the record and the briefs, we affirm Buchanon's sentence.

**AFFIRMED.**

---

[2]We also find the district court's sentence of 75 months' imprisonment and five years of supervised release was substantively reasonable. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 597 (2007); *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).